# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| DION THOMPSON, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) Case No. 20-cv-779-NJR |
| | ) |
| DYLAN J. HAGENE, CHARLES W. HECK, DIANE SKORCH, S. MERCIER, and CHRISTOPHER S. THOMPSON, | ) |
| | ) |
| Defendants. | ) |

## MEMORANDUM AND ORDER

**ROSENSTENGEL, Chief Judge:**

Plaintiff Dion Thompson, who at the time he filed his Complaint was an inmate of the Illinois Department of Corrections ("IDOC") incarcerated at Pinckneyville Correctional Center, brings this action for deprivations of his constitutional rights pursuant to 42 U.S.C. § 1983. In his Complaint (Doc. 1), Thompson alleges that he was written and found guilty on a false disciplinary ticket. He alleges claims under the First, Eighth, and Fourteenth Amendments. Thompson seeks declaratory judgment and monetary damages.

This case is now before the Court for preliminary review of the Complaint pursuant to 28 U.S.C. § 1915A. Under Section 1915A, the Court is required to screen prisoner complaints to filter out non-meritorious claims. *See* 28 U.S.C. § 1915A(a). Any portion of a complaint that is legally frivolous, malicious, fails to state a claim upon which relief may be granted, or asks for money damages from a defendant who by law is immune from such relief must be dismissed. 28 U.S.C. § 1915A(b).

1

**The Complaint**

Thompson makes the following allegations in the Complaint (Doc. 1): Thompson identifies as bisexual (*Id*. at p. 3). On May 5, 2019, while in segregation, Dylan J. Hagene approached Thompson's cell with another inmate, Rodwell, who was going to be placed in the cell with Thompson (*Id*.). Thompson informed Rodwell that he was homosexual and asked if Rodwell was comfortable being housed with him. Rodwell informed Hagene that he needed a crisis team because he was going to refuse to be housed with Thompson. Hagene informed Thompson that he was writing him a ticket but never formally told him to cuff-up. Thompson also requested a crisis team (*Id*.).

On May 10, 2019, Thompson received a disciplinary ticket from Hagene for disobeying a direct order and intimidation and threats (*Id*. at p. 4). On May 21, 2019, he went before adjustment committee members Charles Heck and Diane Skorch and pled not guilty. He informed them that he told his potential cellmate that he was homosexual and the other inmate refused housing (*Id*.). He requested to call Rodwell prior to the hearing and reiterated his request at the hearing but the members informed him that they had not received his request prior to the hearing. He was found guilty and received one month of C grade, 1 month segregation, and 1 month commissary restrictions. He was not told the basis for the guilty finding. Christopher Thompson approved the discipline (*Id*.). He filed a grievance, but S. Mercier and Christopher Thompson denied the grievance even though it included a statement from Rodwell that discredited Hagene's report (*Id*. at pp. 4-5).

**Discussion**

Based on the allegations in the Complaint, the Court finds it convenient to divide the *pro se* action into the following four counts:

> **Count 1:** Fourteenth Amendment due process claim against Hagene for writing a false disciplinary ticket.
>
> **Count 2:** First Amendment retaliation claim against Hagene for writing Thompson a ticket in response to his speech informing his cellmate that he was homosexual.
>
> **Count 3:** Fourteenth Amendment due process claim against Heck, Skorch, and Christopher Thompson for failing to call Thompson's witness and finding him guilty without sufficient evidence.
>
> **Count 4:** Eighth Amendment cruel and unusual punishment claim against S. Mercier and Christopher Thompson for denying his grievances.

The parties and the Court will use these designations in all future pleadings and orders, unless otherwise directed by a judicial officer of this Court. **Any other claim that is mentioned in the Complaint but not addressed in this Order should be considered dismissed without prejudice as inadequately pled under the *Twombly* pleading standard**.[1]

### Counts 1 and 3

As to Counts 1 and 3, Thompson fails to state a claim. Standing alone, the receipt of a false disciplinary ticket does not give rise to a due process violation. This is because "due process safeguards associated with prison disciplinary proceedings are sufficient to guard against potential abuses[,] [and a] hearing before a presumably impartial Adjustment Committee terminates an officer's possible liability for the filing of an allegedly false disciplinary report." *Hadley v. Peters*, 841 F. Supp. 850, 856 (C.D. Ill. 1994), aff'd, 70 F.3d 117 (7th Cir. 1995) (citations omitted). *See also Hanrahan v. Lane*, 747 F.2d 1137, 1140 (7th Cir.1984).

---

[1] *See Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007) (an action fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face").

Due process safeguards that are associated with prison disciplinary hearings include: (1) advance written notice of the charges; (2) the opportunity to appear before an impartial hearing body to contest the charges; (3) the opportunity to call witnesses and present documentary evidence as a defense (if prison safety allows and subject to the discretion of correctional officers); and (4) a written statement summarizing the reasons for the discipline imposed. *See Wolff v. McDonnell*, 418 U.S. 539, 563-69 (1974). In addition, the decision of the adjustment committee must be supported by "some evidence." *Scruggs v. Jordan,* 485 F.3d 934, 941 (7th Cir. 2007). Thompson alleges that these safeguards were not met as his witness was not called at the disciplinary hearing and there was no evidence to support the finding of guilt.

But even if an inmate's due process rights are violated, as Thompson alleges here, he still may not have a Fourteenth Amendment claim. An inmate's liberty interests are protected by the Due Process Clause only insofar as a deprivation of the interest at issue would impose an "atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life." *Sandin v. Conner*, 515 U.S. 472, 484 (1995). Neither the C grade nor commissary restrictions constitutes the deprivation of a liberty interest. *Thomas v. Ramos*, 130 F.3d 754, 762 n. 8 (7th Cir. 1997) (collecting cases).

Although Thompson indicates that he received one month of segregation, that alone is not enough to state a deprivation of a liberty interest. *Thomas*, 130 F.3d at 761 (70 days not enough on its own). In assessing whether disciplinary segregation amounts to a constitutional violation, a court must examine the length of a prisoner's confinement in segregation in combination with the conditions he endured there. *Kervin v. Barnes*, 787 F.3d 833, 836-37 (7th Cir. 2015); *Hardaway v. Meyerhoff*, 734 F.3d 740, 743 (7th Cir. 2013). Simply pleading that imposition of disciplinary segregation, "without additional facts about the conditions of confinement, would not implicate a

4

liberty interest." *Miller v. Maue*, 759 F. App'x 515, 516 (7th Cir. 2019) (citations omitted). Thompson does not indicate what conditions he endured while in segregation, nor is there any indication that his limited time in segregation constituted an "atypical and significant hardship". Thus, he fails to allege that he suffered from a deprivation of a protected liberty interest. Without a protected liberty interest, there can be no due process violation. Accordingly, Counts 1 and 3 against Hagene, Heck, Christopher Thompson, and Skorch are **DISMISSED without prejudice**.

### Count 2

Thompson does, however, state a viable retaliation claim against Hagene. *Gomez v. Randle*, 680 F.3d 859, 866 (7th Cir. 2012); *McElroy v. Lopac*, 403 F.3d 855, 858 (7th Cir. 2005); *Antoine v. Ramos*, 497 F. App'x 631, 633-34 (7th Cir. 2012). Thus, Count 2 will be allowed to proceed.

### Count 4

To the extent Thompson alleges that S. Mercier and Christopher Thompson violated his constitutional rights by denying his grievances, he fails to state a claim. The simple denial of a grievance does not constitute a constitutional violation. *Owens v. Hinsley*, 635 F.3d 950, 953 (7th Cir. 2011) ("[T]he alleged mishandling of [a prisoner's] grievance by persons who otherwise did not cause or participate in the underlying conduct states no claim."); *George v. Smith*, 507 F.3d 605, 609-10 (7th Cir. 2007). Accordingly, Count 4 against S. Mercier and Christopher Thompson is also **DISMISSED without prejudice**.

### Disposition

For the reasons stated above, Counts 1, 3, and 4 are **DISMISSED without prejudice**. Because the claims against Charles Heck, Diane Skorch, S. Mercier, and Christopher Thompson are **DISMISSED**, the Clerk of Court is **DIRECTED** to terminate them from the docket. Only Count 2 against Dylan Hagene will be allowed to proceed.

The Clerk of Court shall prepare for Defendant Dylan Hagene: (1) Form 5 (Notice of a Lawsuit and Request to Waive Service of a Summons), and (2) Form 6 (Waiver of Service of Summons). The Clerk is **DIRECTED** to mail these forms, a copy of the Complaint, and this Memorandum and Order to Defendant's place of employment as identified by Thompson. If Defendant fails to sign and return the Waiver of Service of Summons (Form 6) to the Clerk within 30 days from the date the forms were sent, the Clerk shall take appropriate steps to effect formal service, and the Court will require him to pay the full costs of formal service, to the extent authorized by the Federal Rules of Civil Procedure.

If Defendant can no longer be found at the work address provided by Thompson, the employer shall furnish the Clerk with Defendant's current work address, or, if not known, his last-known address. This information shall be used only for sending the forms as directed above or for formally effecting service. Any documentation of the address shall be retained only by the Clerk. Address information shall not be maintained in the court file or disclosed by the Clerk.

Defendant is **ORDERED** to timely file an appropriate responsive pleading to the Complaint and shall not waive filing a reply pursuant to 42 U.S.C. Section 1997e(g). **Pursuant to Administrative Order No. 244, Defendant need only respond to the issues stated in this Merit Review Order**.

If judgment is rendered against Thompson, and the judgment includes the payment of costs under Section 1915, Thompson will be required to pay the full amount of the costs, regardless of whether his application to proceed *in forma pauperis* is granted. *See* 28 U.S.C. § 1915(f)(2)(A).

Finally, Thompson is **ADVISED** that he is under a continuing obligation to keep the Clerk of Court and each opposing party informed of any change in his address; the Court will not independently investigate his whereabouts. This shall be done in writing and not later than **7 days**

after a transfer or other change in address occurs. Failure to comply with this order will cause a delay in the transmission of court documents and may result in dismissal of this action for want of prosecution. *See* Fed. R. Civ. P. 41(b).

    **IT IS SO ORDERED.**

    **DATED: 12/21/2020**

                                                           **NANCY J. ROSENSTENGEL**
                                                           **Chief U.S. District Judge**

## Notice to Plaintiff

The Court will take the necessary steps to notify Defendant of your lawsuit and serve them with a copy of your complaint. After service has been achieved, Defendant will enter their appearance and file an Answer to your Complaint. It will likely take at least **60 days** from the date of this Order to receive Defendant's Answer, but it is entirely possible that it will take **90 days** or more. When Defendant has filed an Answer, the Court will enter a Scheduling Order containing important information on deadlines, discovery, and procedures. Thompson is advised to wait until counsel has appeared for Defendant before filing any motions, to give Defendant notice and an opportunity to respond to those motions. Motions filed before Defendant's counsel has filed an appearance will generally be denied as premature. **Thompson need not submit any evidence to the Court at this time, unless specifically directed to do so.**