IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

DION THOMPSON,

        Plaintiff,

v.

DYLAN HAGENE,

        Defendant.

Case No. 3:20-CV-779-NJR

## MEMORANDUM AND ORDER

**ROSENSTENGEL, Chief Judge:**

    This matter is before the Court on a Motion to Dismiss for failure to prosecute filed by Defendant Dylan Hagene (Doc. 16). On December 29, 2020, the Court entered an Order noting that Plaintiff Dion Thompson had been released from prison and that documents sent to his current address had been returned as undeliverable (Doc. 13). The Court reminded Thompson of his continuing obligation to keep the Clerk of Court and each opposing party informed of any change in address and gave Thompson until January 28, 2021, to update the Court on his current whereabouts (*Id.*). Thompson was warned that failure to comply with the Court's order would result in dismissal of this action (*Id.*). Nevertheless, Thompson has failed to provide the Court or Defendant with an updated address.

    Pursuant to Rule 41(b) of the Federal Rules of Civil Procedure, a Court may dismiss an action for failure of the plaintiff to prosecute or comply with a court order. FED. R. CIV. P. 41(b). A dismissal under this rule is as an adjudication on the merits. *Id.*

Here, Thompson is proceeding *pro se*, and the Court is mindful of the difficulties he faces in doing so. But those difficulties do not excuse him from communicating with the Court and complying with Court orders.

Because Thompson has failed to comply with its orders and failed to prosecute this matter, the Motion to Dismiss filed by Defendant Dylan Hagene (Doc. 16) is **GRANTED**. This action is **DISMISSED without prejudice** pursuant to Federal Rule of Civil Procedure 41(b). *See generally James v. McDonald's Corp.*, 417 F.3d 672, 681 (7th Cir. 2005). The case is **CLOSED**, and the Clerk of Court is **DIRECTED** to enter judgment accordingly.

## NOTICE

If Thompson wishes to contest this Order, he has two options. He can ask the Seventh Circuit to review the Order, or he can first ask the undersigned to reconsider the Order before appealing to the Seventh Circuit.

If Thompson chooses to go straight to the Seventh Circuit, he must file a notice of appeal *within 30 days* from the entry of judgment or order appealed from. FED. R. APP. P. 4(a)(1)(A). The deadline can be extended for a short time only if Thompson files a motion showing excusable neglect or good cause for missing the deadline and asking for an extension of time. FED. R. APP. P. 4(a)(5)(A), (C). *See also Sherman v. Quinn*, 668 F.3d 421, 424 (7th Cir. 2012) (explaining the good cause and excusable neglect standards); *Abuelyaman v. Illinois State Univ.*, 667 F.3d 800, 807 (7th Cir. 2011) (explaining the excusable neglect standard).

On the other hand, if Thompson wants to start with the undersigned, he should

file a motion to alter or amend the judgment under Federal Rule of Civil Procedure 59(e). The motion *must* be filed within twenty-eight (28) days of the entry of judgment, and the deadline *cannot* be extended. FED. R. CIV. P. 59(e); 6(b)(2). The motion must also comply with Rule 7(b)(1) and state with sufficient particularity the reasons that the Court should reconsider the judgment. *Elustra v. Mineo*, 595 F.3d 699, 707 (7th Cir. 2010); *see also Blue v. Hartford Life & Acc. Ins. Co.*, 698 F.3d 587, 598 (7th Cir. 2012) ("To prevail on a Rule 59(e) motion to amend judgment, a party must clearly establish (1) that the court committed a manifest error of law or fact, or (2) that newly discovered evidence precluded entry of judgment.").

So long as the Rule 59(e) motion is in proper form and timely submitted, the 30-day clock for filing a notice of appeal will be stopped. FED. R. APP. P. 4(a)(4). The clock will start anew once the undersigned rules on the Rule 59(e) motion. FED. R. APP. P. 4(a)(1)(A), (a)(4), (a)(4)(B)(ii). To be clear, if the Rule 59(e) motion is filed outside the 28-day deadline or "completely devoid of substance," the motion will not stop the clock for filing a notice of appeal; it will expire 30 days from the entry of judgment. *Carlson v. CSX Transp., Inc.*, 758 F.3d 819, 826 (7th Cir. 2014); *Martinez v. Trainor,* 556 F.2d 818, 819–20 (7th Cir. 1977). Again, this deadline can be extended only on a written motion by Thompson showing excusable neglect or good cause.

The Court has one more bit of instruction regarding the appeals process. If Thompson chooses to appeal to the Seventh Circuit, he can do so by filing a notice of appeal in this Court. FED. R. APP. P. 3(a). The current cost of filing an appeal with the Seventh Circuit is $505.00. The filing fee is due at the time the notice of appeal is filed.

FED. R. APP. P. 3(e). If Thompson cannot afford to pay the entire filing fee up front, he must file a motion for leave to appeal *in forma pauperis* ("IFP"). *See* FED. R. APP. P. 24(a)(1)(C). The IFP motion must set forth the issues Thompson plans to present on appeal. *See* FED. R. APP. P. 24(a)(1)(C). If he is allowed to proceed IFP on appeal, he will be assessed an initial partial filing fee. 28 U.S.C. § 1915(b)(1). He will then be required to make monthly payments until the entire filing fee is paid. 28 U.S.C. § 1915(b)(2).

**IT IS SO ORDERED.**

**DATED:   March 5, 2021**

*[signature]*

**NANCY J. ROSENSTENGEL**
**Chief U.S. District Judge**